# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mangus Coal Co., et. al.,**
**Plaintiffs Below, Petitioners**

**vs)  No. 16-0199** (Preston County 12-C-63)

**Christopher Jennings, et. al.,**
**Defendants Below, Respondents**

**FILED**

**November 18, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Mangus Coal Co., Jesse A. Jennings, and Franklin M. Jennings, by counsel Jeremy B. Cooper, appeal the February 4, 2016, order of the Circuit Court of Preston County, Business Court Division, that granted respondent's motion for summary judgment. Respondents, Christopher Jennings, Doris Jennings, and Darlene Murray, by counsel William C. Brewer and J. Tyler Slavey, filed a response. Petitioners did not file a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are minority shareholders of Mangus Coal Company, Inc., ("Mangus"). The original complaint in this matter was filed March 15, 2012, and alleged derivative and individual causes of action against respondents who are the majority shareholders and officers of Mangus. Petitioners' complaint stemmed from the following four transactions: (1) an October 3, 2007, sale of real property in Preston County; (2) an April 12, 2008, lease from Respondent Christopher Jennings to a third party; (3) a 2002 timber sale; and (4) an allegation that Respondent Christopher Jennings breached a fiduciary duty by failing to make reasonable efforts for Mangus to obtain release of certain DEP permits, which took place at some time before the October 3, 2007, conveyance of property.

Respondents moved to dismiss the original complaint, and petitioners filed an amended complaint, which asserted the following six causes of action: (1) breach of fiduciary duties; (2) breach of implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) conversion; (5) breach of contract; and (6) civil conspiracy. Following an extensive discovery period, respondents filed a Motion for Summary Judgment in which they sought the dismissal of all claims. In a March 20, 2015, order following mediation, the circuit court granted the summary judgment motion in part, and completely dismissed any and all claims asserted by petitioners in their individual capacity. The circuit court also dismissed counts two, three, and five of the

1

amended complaint, and all claims against Respondent Darlene Murray, save the civil conspiracy claim. The circuit court held in abeyance its ruling on whether petitioners' remaining derivative claims[1] for breach of fiduciary duty, conversion, and civil conspiracy were barred by the statute of limitations, and ordered the parties into mediation.

After an unsuccessful mediation, respondents filed a renewed motion for summary judgment. In their renewed motion, respondents argued that the remaining claims were barred by the statute of limitations. Respondents asserted that the evidence showed that petitioners knew of the transactions that were the subject of the suit, prior to 2010, but did not file suit until March of 2012. In response, petitioners asserted that the statute of limitations was tolled because respondents fraudulently concealed information, prevented them from discovering any wrongdoing prior to 2010, and that under the doctrine of adverse domination, the statute of limitations was tolled as long as no one knew of or was willing to redress the misconduct

Following a hearing, the circuit court granted respondents' motion. The circuit court held that there was no genuine issue of material fact regarding the discovery of the alleged wrongdoing, and that all of the transactions were subject to the two-year statute of limitation period contained in West Virginia Code § 55-2-12. The circuit court dismissed the remaining claims against respondents. Petitioners now appeal to this Court, arguing that the circuit court erred in finding that the statute of limitations barred their remaining causes of action against respondents.

Petitioners assert a sole assignment of error, claiming that the trial court erred in granting the motion for summary judgment. We have held, "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). In addition,

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon,* 187 W.Va. 706, 421 S.E.2d 247 (1992).

Syl. Pt. 2, 192 W.Va. at 190, 451 S.E.2d 756.

Petitioners limit their argument to the October 3, 2007, conveyance of real property. Petitioners present the same argument that they presented below, claiming that, under the doctrine of adverse domination and fraudulent concealment, the statute of limitations were

---

[1] The remaining claims were the derivative claims of Mangus Coal Company for civil conspiracy against all of the respondents, as contained in count six of the complaint; breach of fiduciary duty as contained in count one; conversion against respondents Christopher Jennings and Doris Jennings as contained in count four of the complaint; and unjust enrichment against Christopher Jennings as contained in count three of the indictment.

2

tolled[2]. Petitioners claim that while they were aware of the sale of the property, they were not aware of any misconduct, until 2010. To support this assertion, petitioners claim that as early as February 27, 2009, Petitioner Franklin Jennings requested a full accounting of all income, profits and sales of the corporation, and that subsequent to that request, Petitioner Franklin Jennings made two other requests to respondents through his counsel. Petitioner argues that, based upon this evidence, a jury could reasonably determine that petitioners were unaware of the misconduct until a period of time within two years of the filing of the complaint.

The circuit court held that there was no genuine issue of material fact regarding the discovery of the alleged wrongdoing, and held that all of the transactions were subject to the two-year statute of limitations period contained in West Virginia Code § 55-2-12. Regarding the October 3, 2007, sale of real property, the circuit court found that petitioners had clear, actual knowledge of the conveyance of the property shortly after the transaction took place, and noted that petitioners had not provided any evidence that the sale was for less than market value. The circuit court found that in a September 23, 2008, letter to Respondent Doris Jennings, Petitioner Franklin Jennings wrote that he was aware of the 2007 land transfer. In addition, Franklin Jennings acknowledged in his deposition that he became aware of the sale in 2008, or 2009. Also, during the January 5, 2009, stockholders meeting, Petitioner Franklin Jennings threatened to sue respondents regarding the matters at issue in the complaint. The circuit court found further that, although petitioners claimed that the statute of limitations was tolled at the time petitioners learned of the transactions, they were armed with sufficient information to pursue litigation, and therefore the statute of limitations barred petitioners' claims.

Upon careful review of the record, we agree with the circuit court that there is no genuine issue of material fact regarding the discovery of the alleged wrongdoing, and that petitioners' remaining claims are barred by the statute of limitations as contained in West Virginia Code § 55-2-12. The circuit court's order reflects its thorough analysis of the grounds raised in respondent's motion for summary judgment. Having reviewed the order entered on February 4, 2016, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignment of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

---

[2] *See* syllabus point one of *Clark v. Milam*, 192 W.Va. 398, 452 S.E.2d 714 (1994).

> In West Virginia the doctrine of adverse domination tolls statutes of limitation for tort claims against officers and directors who acted adversely to the interests of the company and against lawyers and accountants, owing fiduciary duties to the company, who took action contributing to the adverse domination of the company.

*Id.*

**ISSUED:** November 18, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

## IN THE CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA
## BUSINESS COURT DIVISION

MANGUS COAL COMPANY, INC.
A West Virginia Corporation,
JESSE A. JENNINGS, Individually, and
As a minority shareholder of Mangus Coal
Company, Inc., Frank M. Jennings, Individually,
And as a minority shareholder of Mangus Coal
Company, Inc.,
        Plaintiffs,

vs.
                                     Civil Case No.: 12-C-63
                                     Presiding Judge: Paul T. Farrell
                                     Resolution Judge: Russell M. Clawges Jr.

CHRISTOPHER JENNINGS, individually, and
as an officer, director, and majority shareholder
of Mangus Coal Company, Inc.,
DORRIS JENNINGS, individually, and as an officer,
director, and majority shareholder of Mangus Coal
Company, Inc., and
DARLENE MURRAY, individually, and
as an officer, director, and agent of Mangus Coal
Company, Inc.,
        Defendants.

## ORDER GRANTING DEFENDANTS'
## RENEWED MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court pursuant to the Defendants' Renewed Motion for

Summary Judgment. The Court previously dismissed many of the claims set forth in the

Plaintiffs' Amended Complaint. First, the Court dismissed all purported individual claims

asserted by Jesse and Rocky Jennings. See Order Regarding October 6, 2014 Motions Hearing.

With regards to Count One, the Court held in abeyance its ruling on whether any breach of

fiduciary duty claims would be barred by the applicable statute of limitations. Regarding Count

1

Two, the Court completely dismissed any and all claims for Breach of Implied Covenant of Good Faith and Fair Dealing. Regarding Count Three, the Court Ordered that all Unjust Enrichment claims against Dorris Jennings and Darlene Murray were improper and dismissed the same. However, the Court held in abeyance its ruling on whether the Plaintiffs' claims for unjust enrichment against Chris Jennings should be dismissed. Regarding Count Four, the Court held in abeyance its ruling as to whether the Plaintiffs' claims for conversion are barred by the applicable statute of limitations. Regarding Count Five, the Court completely dismissed all breach of contract claims which were pending against the Defendants. Regarding Count Six, the Court held in abeyance its ruling as to whether all claims for civil conspiracy should be dismissed in this matter. Additionally, the Court dismissed all claims against Darlene Murray, except for civil conspiracy.

Therefore, currently, all individual claims asserted by Franklin and Jesse Jennings have been dismissed, and the only remaining claims pending before the Court are the derivative claims of Mangus Coal Company for civil conspiracy (Count VI) against all Defendants, for breach of fiduciary duty (Count I) and conversion (Count IV) against Christopher Jennings and Dorris Jennings, and for unjust enrichment (Count III) against Christopher Jennings.

<u>ARGUMENTS</u>

The Plaintiffs' remaining claims are based on four (4) separate transactions. The first transaction involves an October 3, 2007, sale of real property in Preston County. Defendants assert that any and all tort claims related to this transaction are clearly barred by the applicable statute of limitations. Defendants further assert that Plaintiffs have no expert, or other qualified person, who has opined that the sale was for less than market value. Defendants further assert

2

that Plaintiffs have no expert, or other qualified person, who can opine as to what the property should have allegedly sold for. Accordingly, Defendants assert that Plaintiffs do not have any evidence that said sale was for less than fair market value or that Mangus Coal was actually damaged by said sale.

The second transaction is an April 12, 2008, lease from Christopher Jennings to a third party. Defendants assert that said lease does not give rise to a stand-alone cause of action which could be asserted by Mangus Coal. Furthermore, Defendants assert that even if said lease did give rise to a stand-alone cause of action, it would clearly be barred by the applicable statute of limitations.

Third, Plaintiffs initially sought damages regarding a 2002 timber sale, but Franklin Jennings specifically withdrew all such claims at his deposition and Jesse Jennings acknowledged that he knew about said timber sale well in advance of 2010. Accordingly, Defendants assert that any such claims, even if they were being pursued, would clearly be barred by the applicable statute of limitations.

Finally, Plaintiffs have alleged that Defendant Christopher Jennings has breached his fiduciary duty to Mangus Coal due to various environmental activities which occurred on property owned by, or property on which permits were held by, Mangus Coal. Defendants' Renewed Motion states that Plaintiffs have clarified that this cause of action alleges that Defendant Christopher Jennings breached his fiduciary duty by failing to make reasonable efforts for Mangus Coal to obtain release of certain DEP permits. Defendants assert that the claim should be dismissed because Plaintiffs have yet to articulate, or provide legal support for, how such actions could constitute a breach of fiduciary duty under West Virginia law, nor have they

3

identified any expert or other qualified witness who can testify that Defendant Christopher Jennings' actions were unreasonable. Additionally, Defendants contend, Plaintiffs have failed to provide any evidence of how Christopher Jennings damaged Mangus Coal, as a result of failing to release said permits, relative to the costs incurred by Mangus Coal for obtaining said release. Finally, Defendants assert that even if Plaintiffs could make such a claim, it is barred by the applicable statute of limitations.

Defendants' Renewed Motion also alleges that Jesse and Franklin Jennings failed to follow the plain language and mandates of West Virginia Civil Procedure Rule 23.1, which governs "derivative actions."

Plaintiffs respond that they have complied with West Virginia Civil Procedure Rule 23.1. Furthermore, Plaintiffs acknowledge that "in the absence of some means by which the applicable statutes of limitations were tolled, the [Plaintiffs'] claims would be time barred." However, Plaintiffs assert that the doctrine of adverse domination and the doctrine of fraudulent concealment toll the statues of limitations.

FINDINGS OF FACTS

The original Complaint in this matter was filed on March 15, 2012. The Amended Complaint alleges that Christopher and Dorris Jennings "breached that [fiduciary] duty when they, as individuals and as a group, sold real property of the company for less than fair market value, failed to inform the shareholders of the possibility of the sale of the property, and failed to protect the assets and finances of the Company." It is undisputed that this real property transaction at issue occurred on October 3, 2007.

4

The October 3, 2007 transaction consisted of Mangus Coal transferring two (2) tracts of land to Christopher R. Jennings. The Deed regarding said transaction was recorded on October 4, 2007, in the Office of the Clerk of the County Commission of Preston County, West Virginia. It is undisputed that Mangus Coal, through Jesse and Franklin Jennings, had actual knowledge of the conveyance shortly thereafter.

> Q. Okay. You agree that the sale took place in 2007 and that the deed was recorded, and you told me you knew about it -
>
> A. Yeah.
> Q. - but you didn't file a lawsuit until 2012.
> A.- Whenever it was. Yeah.

Franklin Jennings deposition, pg. 183.

> [Q.] When did you learn that the real estate had been conveyed from Mangus to Chris Jennings?
>
> A. I don't know. First of all, there was a rumor mill, you know, where people talk. And then -- I don't know, but it was after this. And so I don't know exactly when that occurred. But I would say it was probably late '08 or maybe even '09.

Jesse Jennings deposition, pg. 55.

Franklin Jennings admitted that he routinely had his wife inspect the records of the Clerk of the County Commission of Preston County West Virginia, and that she had located the recorded Deed. Franklin Jennings deposition, pgs. 27-29. In a September 23, 2008 letter, Franklin Jennings informs Defendant Dorris Jennings that he was aware of the 2007 land transfer, stating that he had "been informed that certain real estate of Mangus situate on Irish ridge has been sold to Christopher Jennings." It is undisputed that the "Irish ridge" property

5

referred to in Franklin's September 23, 2008 letter is the same property transferred to Christopher Jennings pursuant to the October 3, 2007 Deed. Accordingly, it is undisputed that Franklin Jennings clearly had actual knowledge of the October 3, 2007, real estate transaction by September 23, 2008.

The next transaction referenced in the Amended Complaint was a lease of the property at issue, executed by Christopher R. Jennings on April 12, 2008. Said lease was recorded in the Preston County Clerk's Office in Deed Book on July 17, 2008. Mangus Coal, through Franklin and Jesse Jennings, had actual knowledge of this lease shortly thereafter.

> Q. When did you have knowledge about the transfer of any of the mineral rights on that property that Chris Jennings acquired?
>
> A. I don't know. Back in '07, they started buying up this gas and oil around here, and everybody was confused. To be honest with you, I don't think the legal staff in Preston County -- because I went to see two or three of the lawyers here to ask about contracts.
>
> And exactly when Chris transferred – or made his agreement with the gas and oil company, I don't know. But I'm sure it was sometime in late '08 or maybe '09 that that came to the front...

Jesse Jennings deposition, pg. 58.

Similarly, Franklin Jennings had knowledge of the April 12, 2008, lease that same year. Franklin Jennings's September 23, 2008, letter indicates that he was aware that "certain oil, gas and methane gas rights" had been leased. It is undisputed that Franklin

6

Jennings was referring to the April 12, 2008, lease referenced above, and, as such, it is clear that Franklin Jennings was aware of the lease by September 23, 2008.

Next, Plaintiffs have sought relief regarding a 2002 timber sale. It appears that Plaintiffs may have waived this claim.

> Q.   Do you -- the timber sale, the 2002 timber sale -- I mean, I just -- do you have some claim that you think you should be paid for some of that?
>
> A.   I told you a while ago, I didn't really -- it didn't really matter to that on me.
>
> Q.   So -- and I apologize if I didn't catch that. But you're not really making a claim for the timber sale.
>
> A.   I'm not.

Franklin Jennings deposition, pgs. 184-185.

If, however, Jesse Jennings is pursuing a cause of action in regards to the timber sale on Mangus Coal's behalf, it is clear that Mangus Coal, through Jesse Jennings, had knowledge of the transaction by at least 2006.

> Q.   You referenced a timber sale, that the timber was taken off the property. Do you know when that occurred?
>
> A.   I cannot say positive when that occurred. I know I drove by there, and the timber was -- you know, it was taken, well, mostly out when I went by.
>
> Q.   And approximately when might that have been?
>
> A.   I don't know. That's been a while back, but I can't say. Probably --
>
> Q.   Ten years ago?
>
> A.   -- '06.

7

Jesse Jennings deposition, pgs. 41-42.

Plaintiffs have also alleged that Defendant Christopher Jennings breached his fiduciary

duty to Mangus Coal by failing to make reasonable efforts for Mangus Coal to obtain release of

certain DEP permits. It is clear and undisputed that Mangus Coal had knowledge of the same in

2007 or 2008.

Franklin Jennings admitted that he learned that the permits had been "let go" in 2007 or

2008:

[Q.]   From March 15th of 2010 at least up until March 15th of 2012, during that time period, like -- let's just start with Chris Jennings. Tell me, what fiduciary duties did he breach?

A.   He breached his fiduciary duties back in -- when he forfeited -- let the permits go.

Q.   When was that?

A.   I'm not sure when -- when I learned about it was probably '07, I think, or '08.

Franklin Jennings deposition, pg. 45 (emphasis added).

Jesse Jennings admitted that he believed any potential breach of fiduciary duties related to the

pertinent DEP permits occurred prior to the above noted October 3, 2007 land conveyance:

[Q.]   Do you know what specific breaches of fiduciary duty are being referred to, and do you know when those breaches occurred?

A.   Specific dates, off the top of my head, I do not know. Now, like the sale of the property, there's a deed on record that would have that time frame. On the permits, I don't know

8

exactly when they were done. They -- you know, when they were -- whatever -- whatever procedure was used to deal with them, I don't know. But anyway, to my thinking, they were done back earlier than the property problem occurred [in October 2007].

Jesse Jennings deposition, pgs. 51-52.

## CONCLUSIONS OF LAW

Summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of law. *San Francisco v. Wendy's Int'l Inc.*, 221 W.Va. 734, 750, 656 S.E.2d 485 (2007). "The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 9, *Law v. Monongahela Power Co.*, 210 W.Va. 549, 558 S.E.2d 349 (2001). A motion for summary judgment should be denied "even where there is no dispute to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). When considering a motion for summary judgment, the court "must draw any permissible inference from the underlying facts in the most favorable light to the party opposing the motion." *Id.* However, "[s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." *Id.*

In the instant case, summary judgment is appropriate because there are no genuine issues of material fact regarding the discovery of the alleged wrongdoings. All of the causes of action before the Court are barred by a two-year statute of limitation.

9

A cause of action for breach of fiduciary duty is "governed by the two-year limitation period contained in W. Va.Code, 55-2-12." *Dunn v. Rockwell*, 225 W.Va. 43, 62, 689 S.E.2d 255, 274 and see V*orholt v. One Valley Bank,* 201 W.Va. 480, 498 S.E.2d 241 (W.Va., 1997). A cause of action for conversion is "governed by the two-year limitation period contained in WVa.Code, 55-2-12." *Dunn*, 225 W.Va. 43, 62, 689 S.E.2d 255, 274 and see *Cart v. Marcum*, 188 W.Va. 241, 242, 423 S.E.2d 644, 645 (W.Va.,1992), overruled on other grounds.

Furthermore, because these claims are barred by the statute of limitations, so too is the Plainitffs' claim for civil conspiracy. Our Supreme Court has made clear that a civil conspiracy is not a per se stand-alone cause of action:

> civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff.

*Dixon v. American Indus. Leasing Co.*, 162 W.Va. 832, 834, 253 S.E.2d 150, 152 (1979).

Instead, it is a "legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual·perpetrator(s)." *Id.* Naturally then, the statute of limitations for a civil conspiracy is determined by the nature of the underlying conduct on which the claim for conspiracy is based. *Dunn* at 47.

Here, Plaintiffs do not dispute the actual and constructive knowledge set forth by the Motion but argue that the statute of limitations in all these claims should be tolled because the Plaintiffs made repeated requests to the Defendants for information, the receipt of which, they

10

argue, would have better informed the Plaintiffs of the nature of the causes of action they could pursue against the Defendants. However, Plaintiff misapplies the doctrine of fraudulent concealment and the doctrine of adverse domination.

Regardless of whether Defendants should have responded to Plaintiffs requests for more information, Plaintiffs were still armed with sufficient information to pursue litigation. Plaintiffs had knowledge of the transactions and were equipped with the necessary tools to investigate the suspected misdealing. Accordingly, this Court cannot classify the alleged conduct as fraudulent concealment for the purpose of tolling the statute of limitations and instead must find that the Plaintiffs rested on their claims.

The Doctrine of Adverse Domination tolls the applicable statute of limitations for "claims by corporations against its officers, directors, lawyers and accountants for so long as the corporation is controlled by those acting against its interests." *Clark v. Milam*, 192 W. Va. 398, 402, 452 S.E.2d 714, 718 (1994) (hereinafter "*Clark II*"). Importantly, the *Clark II* Court further held "that the adverse domination doctrine tolls the statute of limitations so long as there is no one who knows of and is able and willing to redress the misconduct of those who are committing the torts against the corporate plaintiff." *Id.* As such, both *Clark* cases make clear that a corporation discovers its claims, and the statute of limitations begins to run on a corporation's derivative claims, when knowledgeable shareholders willing to redress the wrongs of their corporation discover the claims. *Id.*

As noted above, the original Complaint in this matter was filed on behalf of Mangus Coal on March 15, 2012, by Jesse and Franklin Jennings. Clearly Jesse Jennings and Franklin Jennings are shareholders "willing to redress the wrongs" of Mangus Coal. As such, the

11

knowledge of Franklin and Jesse Jennings must be imputed to Mangus Coal for statute of limitations purposes. Accordingly, if either Jesse Jennings or Franklin Jennings had knowledge of the issues of which they now complain prior to March 15, 2010, then all such tort claims would be barred by the applicable two-year statutes of limitations and all of Plaintiffs' breach of fiduciary duty claims against Christopher Jennings and Dorris Jennings would be barred by the applicable statute of limitations. Plaintiffs clearly had knowledge of the October 3, 2007, sale of property prior to March 15, 2010, and therefore, Summary Judgment is appropriate on this claim.

Similarly, Plaintiffs clearly had knowledge of the April 12, 2008, lease prior to March 15, 2010. To the extent that Plaintiffs have asserted breach of fiduciary duty claims based upon a 2002 sale of timber, the same are also clearly barred by the applicable statute of limitations, as Plaintiffs clearly had knowledge of the same prior to March 15, 2010. Finally, Mangus Coal, through Jesse and Franklin Jennings, was clearly aware of any alleged breaches of fiduciary duty regarding the environmental activities at issue and the coal mining permits being "let go" prior to March 15, 2010. Accordingly, all the claims based upon these transactions are barred by the applicable statute of limitations. Futhermore, the Plaintiffs' claim for unjust enrichment does not identify any other wrongdoing, contract, or quasi-contract which would otherwise support a claim of unjust enrichment outside of the aforementioned transactions.

Ultimately, there are no genuine issues of material fact with respect to any of Plaintiffs' remaining claims and all must be dismissed for failure to bring the action within the time prescribed by law. Because the Court finds that the Defendants are entitled to Summary Judgement based on the Statute of Limitations, the Court does not find it necessary to examine

12

the Defendants' other arguments or to determine whether Plaintiffs complied with West Virginia Civil Procedure Rule 23.1.

THEREFORE, it is hereby adjudged and ordered that the Defendants' Renewed Motion for Summary Judgment is GRANTED and that each of the above-reference matters are DISMISSED, WITH PREJUDICE, as to all parties, with each party to bear its own attorneys' fees and costs. This being a FINAL ORDER, the Court directs the Circuit Clerk of Preston County to retire the above-captioned matter from the docket and place it among the causes ended. The Circuit Clerk is further directed to forward an attested copy of this Order to the Resolution Judge, the Honorable Russell M. Clawges Jr., at the Monongalia County Courthouse, 243 High Street Morgantown, WV 26505; Judge Lawrance S. Miller, Jr., at the Preston County Courthouse, 101 West Main Street, Room 303, Kingwood, WV 26537; the Business Court Division Central Office at the Berkeley County Judicial Center, 380 W. South Street, Suite 2100, Martinsburg, West Virginia, 25401; and all counsel of record.

ENTER this ____ day of _____, 2016.

PAUL T. FARRELL, JUDGE
BUSINESS COURT DIVISION

13